### CAMPOSE et al. v. CENTRAL CAMBALACHE, Inc.
### No. 4094.

Circuit Court of Appeals, First Circuit.
Aug. 1, 1946.

Antonio Reyes Delgado, of Arecibo, P. R. (Luis Mercader and Pedo Santos Borges, both of Arecibo, P. R., on the brief), for appellants.

Earle T. Fiddler, of San Juan, P. R. (Jose G. Gonzalez, of San Juan, P. R., on the brief), for appellees.

Before EDGESTON (by special assignment), MAHONEY and WOODBURY, Circuit Judges.

### PER CURIAM.

The only substantial question presented by these appeals having even a savor of federal law is whether violation of the restrictions upon corporate ownership and control of land originally enacted by § 3 of the Joint Resolution of May 1, 1900, 31 Stat. 715, 716, and later embodied in § 39 of the Organic Act of March 2, 1917, 39 Stat. 951, 964, 48 U.S.C.A. § 752,—the so called "500 Acre Law"—gives rise to an action by a grantor against a corporation for annulment of the latter's title to land conveyed to and held by it in excess of the limitations imposed. Upon analysis, however, this is not a question of federal law for the reason that the Supreme Court of the United States in Puerto Rico v. Rubert Hermanos, Inc., 309 U.S. 543, 60 S.Ct. 699, 701, 84 L.Ed. 916, determined that Congress having "affixed no direct consequences to disobedience of its land policy for Puerto Rico," gave the Insular Legislature full power to say how its "policy was to be realized." Hence the Supreme Court of Puerto Rico in the instant case decided a question of purely local law when it interpreted the

insular statute implementing § 39 of the Organic Act, supra, Act No. 33, of July 22, 1935, Laws of Puerto Rico, Special Session 1935, p. 418, as "realizing" the Congressional policy by providing for enforcement thereof only by an information in the nature of Quo Warranto brought against the offending corporation in the insular Supreme Court by the Attorney General acting in the name of the People of Puerto Rico, so that in consequence the title of a corporation to lands held by it "in violation of the act is valid against everyone except against The People of Puerto Rico and if the latter does not institute the proper proceeding against the corporation not only does it hold the valid title but it may also convey it validly to any other person."

Seeing no clear or manifest error in this interpretation of the insular statute, or in the answers of the Supreme Court of Puerto Rico to any of the other questions of local law presented, and finding the opinion below fully, adequately and carefully reasoned, we see no occasion to recapitulate that reasoning in a full length opinion of our own.

The judgments of the Supreme Court of Puerto Rico are affirmed on the opinion of that Court with costs in this Court to the appellees.